**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

SAMUEL BROWN,                  :

                                    :

        Petitioner,           :

                                      :

v.                              :     CASE NO.: 1:15-CV-79-LJA-TQL

                                      :

WARDEN PHILLIP HALL,     :

                                      :

        Respondent.       :

_____ :

## ORDER

      Before the Court is the Report and Recommendation ("R&R") on the Petition for Writ of Habeas Corpus filed by Petitioner Samuel Brown. (Doc. 10). Petitioner seeks the issuance of a Writ of Habeas Corpus vacating his conviction for possession of tools for the commission of a crime and trafficking in cocaine under Georgia law. (Doc. 1). In the R&R, the Magistrate Judge recommends that Petitioner's request be denied because he failed to demonstrate that the state habeas court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. (Doc. 10 at 13). The Court has performed a *de novo* review of those portions of the R&R to which Petitioner objects and has reviewed for clear error all other portions of the R&R. For the reasons that follow, the Court **ACCEPTS and ADOPTS** the Magistrate Judge's R&R. (Doc. 10).

### I.   Background

      Plaintiff filed this action on May 14, 2015, alleging that the state habeas court unreasonably applied clearly established federal law when it concluded that appellate counsel was not ineffective in failing to allege trial counsel's ineffectiveness in: (1) not requesting a

jury charge on equal access; and (2) not conducting an adequate investigation in support of Petitioner's equal access defense. (Doc. 4 at 17, 32).

With respect to the first ground, the Magistrate Judge reviewed the Georgia Court of Appeals habeas opinion in detail, and determined that, "even if trial counsel rendered ineffective assistance by failing to request a jury charge on equal access, it does not appear from the record that the state habeas court decision resulted in a decision that was contrary to, or involved an unreasonably application of, clearly established federal law when it determined that appellate counsel was not ineffective." (Doc. 10 at 9). Furthermore, the Magistrate Judge determined that, even if appellate counsel was ineffective, the state court did not err in determining that Petitioner was not prejudiced by his counsel. *Id.*

With respect to the second ground, the Magistrate Judge determined that state habeas court did not err in concluding that additional evidence presented by Petitioner was cumulative of the evidence presented at trial, and therefore Petitioner was not prejudiced by appellate counsel's failure to argue that trial counsel conducted an inadequate investigation. *Id.* at 12. The Magistrate Judge concluded that the state habeas court correctly applied the *Strickland* standard and that its decision was not contrary to, or an unreasonable application of, clearly established federal law. *Id.*

## II.  **Discussion**

A federal court may only grant habeas relief to a petitioner "in custody pursuant to the judgment of a State court" if the State's adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A

state court's decision involves an "unreasonable application" of law if "the state court identifies the correct governing legal rule from [the Supreme Court's cases] but unreasonably applies it to the facts of the particular state prisoner's case" or if the state court "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply." *Id.* To maintain a claim for ineffective assistance of counsel, the Supreme Court has held that the defendant must show both that "counsel's performance was deficient" and that such performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

With regard to trial counsel's alleged ineffectiveness in failing to request a jury charge regarding equal access, Petitioner objects to the Magistrate Judge's finding that the state habeas court was reasonable in determining that appellate counsel was not ineffective. (Doc. 11 at 3). Petitioner argues that the Magistrate concluded both that trial counsel rendered ineffective assistance and that appellate counsel's decision to omit such a claim was unreasonable. Therefore, Petitioner argues that the Magistrate Judge erred in finding that he was not prejudiced by ineffective assistance of counsel. *Id.* at 2-4. Petitioner's argument fails for two reasons.

First, the Magistrate Judge did not conclude that trial counsel rendered ineffective assistance or that appellate counsel unreasonably omitted an ineffective assistance claim. Rather, without making a finding regarding whether counsel was ineffective, the Magistrate Judge concluded that "*even if* trial counsel" had been ineffective and "*even if* appellate counsel" had been unreasonable, the State Court did not err in finding that Petitioner was not prejudiced by counsel's decision. (Doc. 10 at 9) (emphasis added). The Magistrate Judge specifically stated that "the state habeas court did not err when it determined that Petitioner suffered no prejudice, especially in light of the evidence of Petitioner's guilt, aside from the mere ownership or control of the premises, brought out at trial." *Id.*

Second, the Magistrate properly limited his analysis by refraining from making a determination on counsel's performance and concluding that the state habeas court's decision was not "contrary to," and did not involve an unreasonable application of, clearly established federal law. (Doc. 10 at 9). The Magistrate Judge's task was not to determine

whether Petitioner received ineffective assistance of counsel, rather it was to determine whether the state habeas court's determination that Petitioner did not receive ineffective assistance of counsel was contrary to, or an unreasonable application of, clearly established Federal law. *See Williams*, 529 U.S. at 405.

With regard to trial counsel's alleged ineffectiveness for not conducting an adequate investigation in support of Petitioner's equal access defense, Petitioner also objects to the Magistrate's determination that the state habeas court was reasonable in determining that appellate counsel was not ineffective for failing to raise the issue. *Id.* at 5. Petitioner's entire objection rests on his argument that an additional affidavit, collected after trial, would have prevented a reasonable jury from finding him guilty. Thus, Petitioner argues that he was prejudiced by the failure of his appellate attorney to allege that trial counsel was ineffective for not collecting the affidavit. *Id.* at 5-8. The state habeas court determined that Petitioner was not prejudiced because the evidence "was either cumulative of the evidence already presented at trial or did nothing to further his equal access defense." (Doc. 9-2 at 9). The affidavit stated that multiple people had access to the house, stayed there regularly, and that some bills were not in Petitioner's name. *Id.* at 9-10. The state habeas court noted that at trial, evidence was presented that the house was a "family house," used by many people, and that his family members often stayed at the house and brought over people that Petitioner did not know. *Id.* Given the similarity between the new affidavit and evidence presented at trial, the state habeas court's decision that Petitioner was not prejudiced was neither "unreasonably applied," nor "contrary to" clearly established federal law. *See Williams*, 529 U.S. at 405.

### III.  Conclusion

Upon full review and consideration of the record, the Court finds that the R&R (Doc. 10), should be, and hereby is, **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein. Accordingly, Plaintiff's Objection (Doc. 11) is **OVERRULED** and his claims are **DISMISSED**.

**SO ORDERED**, this  19th   day of   October  , 2016.

      /s/ Leslie J. Abrams

**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**